## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**STEPHEN JOSEPH WINTERS,**     :

           **Petitioner,**     :     **CIVIL ACTION NO. 1:10-1124**

    **v.**     :     **(KANE, C.J.)**
                                 **(MANNION, M.J.)**

**LOUIS FOLINO and ATTORNEY**     :
**GENERAL OF THE STATE OF**
**PENNSYLVANIA,**     :

           **Respondents.**     :

## REPORT AND RECOMMENDATION[1]

On May 25, 2010, the petitioner, an inmate at the State Correctional Institution at Forest in Marienville, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges his conviction in the Union County Court of Common Pleas. (Doc. No. 1). On that same day, the petitioner paid the appropriate filing fee. *See id.*

For the reasons set forth below, the court will recommend that the petition be **DENIED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I.    BACKGROUND

On July 21, 2001, the petitioner was arrested and charged with three counts of possession with intent to deliver a controlled substance, crack cocaine, three counts of criminal use of a communication facility and endangering the welfare of a minor. (Doc. No. 1, Ex. 18,19). On August 2, 2001, the petitioner was arrested and charged with possession with intent to deliver a controlled substance, crack cocaine and delivery of a controlled substance. (Doc. No. 1, Ex. 20).

On June 4, 2002, in the Union County Court of Common Pleas, the petitioner was found guilty of possession with intent to deliver cocaine and delivery of cocaine. (Union County Docket 246-CR-01)[2]. Petitioner was also convicted of two counts of possession with intent to deliver cocaine, delivery of cocaine, three counts of criminal use of a communication facility and endangering the welfare of children. (Union County Docket 247-CR-01). On August 21, 2002, the petitioner was sentenced twenty-one (21) to one hundred twenty (120) months on the two counts of possession with intent to deliver a controlled substance and delivery of a controlled substance. (Doc.

---

[2] *See* http://ujsportal.pacourts.us.   We take judicial notice of the PA Court's website.

24, App. § 3, pp. 1-2). On the charges of criminal use of a communication facility, the petitioner was sentenced sixteen (16) to thirty-two (32) months. *Id.* On the possession of crack cocaine charge, petitioner's sentence was sixty (60) to one hundred twenty (120) months. *Id.* On the endangering the welfare of children charge, petitioner's sentence was twenty-one (21) to forty-two (42) months. *Id.*

On September 4, 2002, the State Court Judge issued an amended sentencing order clarifying the August 21, 2002 sentences imposed on Counts two, four, five, six and seven to be consecutive to each other and consecutive to all other sentences imposed in 246-CR-01 and 247-CR-01. (Doc. 24, App. §3, p. 6).  The amended sentencing order determined the aggregate sentence of the petitioner to be a minimum of one hundred seventy-one (171) months and a maximum of four hundred ninety-eight (498) months. *Id.*

The petitioner then filed a direct appeal from the judgment of sentence to the Pennsylvania Superior Court. (Doc. 24, App. §3, p. 7). On direct appeal, the petitioner maintained that the evidence was insufficient for a finding of guilt and challenged the denial of his suppression motion. (Doc. 24, App. §3, pp.12-13)*.* The petitioner also raised two ineffective assistance of

counsel claims. *Id.* The Petitioner further raised his rights under Article One Sections 8, 9, 10 and 28 of the Pennsylvania Constitution and his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. *Id.* By memorandum dated February 2, 2004, the Superior Court vacated the judgment of sentence imposed for possession with intent to deliver on 247-CR-01 and affirmed the judgment of sentence in all other respects. *Id.*

The petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania. (Doc. 1). On October 4, 2005, the Supreme Court of Pennsylvania issued an order denying the petitioner's petition for allowance of appeal. (Union County Docket 246-CR-01)*.*

On July 13, 2006, in the Union County Court of Common Pleas, the petitioner filed a seventy-two (72) page *pro se* petition for relief under the Post Conviction Relief Act ("PCRA"). (Doc. 24, App. § 4a, pp.3-70).  The trial Court declined review of the PCRA petition until petitioner signed the petition and verified both the petition and the IFP application. (Doc. 24, App. § 4a, pp. 72-73). Having first elected to proceed *pro se* on his PCRA, he then motioned the Court to appoint counsel. Attorney Rymsza was appointed to represent the petitioner, however the petitioner then motioned the Court to have Attorney

4

Rymsza removed. (Doc. 24, App. § 6, p. 31). After granting multiple extension requests by petitioner to amend his PCRA petition, on June 19, 2008, the Court issued an order dismissing petitioner's PCRA petition.  (Doc. 24, App. § 7, pp. 1-3).

On July 1, 2009, the petitioner filed a notice of appeal in the Superior Court of Pennsylvania. (Doc. 24, App. § 7, pp. 4-6). The trial Court issued an order for petitioner to file a 1925(b) statement by July 28, 2008. (Doc. 24, App. § 7, pp. 7-8). On August 19, 2008, the trial Court issued an opinion ruling that any matters raised on appeal were waived for the failure of petitioner to file his 1925(b) statement. (Doc. 24, App. § 7, pp. 9-10). The Superior Court notified petitioner on September 17, 2008 that he sent the 1925(b) statement to the Superior Court and it was returned it to him. (Doc. 24, App. § 7, p.11). On November 13, 2008, the Superior Court denied petitioner's appeal without prejudice to allow petitioner to file his 1925(b) petition *nunc pro tunc*. (Doc. 24, App. §7, p.11).

On December 4, 2008, the petitioner filed a *nunc pro tunc* motion and a 1925(b) statement which was accepted by the Court. (Doc. 24, App. §7, pp. 13-26).  In his 1925(b) statement, petitioner raises seventy-seven (77) issues for appeal, seventy-six (76) issues were for ineffective assistance of counsel.

(Doc. 24, App. § 7, pp.13-26). On January 5, 2009, the trial Court issued an opinion suggesting that the Superior Court deny the petitioner PCRA relief, the Court further opined that the petitioner's seventy-six (76) ineffective assistance of counsel claims should be denied because the claims occurred during a period of self representation and also included PCRA counsel who never represented the petitioner as he rejected representation. (Doc. 24, App. §8(a), pp.1-7).

On February 23, 2009, the petitioner filed a petition for allowance of appeal in the Superior Court raising four (4) issues. (Doc. 24, App. § 8a, pp.9-33). On December 24, 2009, the Superior Court affirmed the decision of the lower court finding that the petitioner had waived all of his issues on appeal because he failed to include the issues in his *nunc pro tunc* 1925(b) statement. (Doc. 24, App. § 8a, pp.1-9). On April 8, 2010, the petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court which was denied as untimely, but the Pennsylvania Supreme Court permitted him to file his petition for allowance of appeal *nunc pro tunc.* (Doc. 24, App. § 9, p. 10). Petitioner did not file his petition for allowance of appeal *nunc pro tunc*.

On May 25, 2010, a petition for a writ of habeas corpus pursuant to 28

U.S.C. §2254, was filed in the Middle District of Pennsylvania. (Doc. No. 1).

In his habeas petition, the petitioner raises six grounds for habeas relief. (Doc. 1). In ground one, the petitioner claims ineffective assistance of counsel for chain of custody issues related to the drug evidence in his cases. *Id.* In ground two, petitioner claims that counsel was ineffective for failing to raise jurisdiction and venue issues. *Id.* In ground three, petitioner claims ineffective assistance of counsel for failing to object to statements made during trial. *Id.* In ground four, petitioner raises trial court error for a jury instruction. *Id.* In ground five, petitioner alleges an ineffective assistance of counsel claim during the sentencing proceedings.  *Id.* In ground six, the petitioner raises the issue, "the state failed to disprove entrapment and endangering welfare of children..." *Id.*

On June 30, 2010, the undersigned issued a show cause order, (Doc. No. 3), and after extensions were granted, on October 19, 2010, the petitioner filed a memorandum of law in support of his position for writ of habeas corpus. (Doc. No. 21). The respondents filed a response to petitioner's petition for writ of habeas corpus on November 8, 2010 (Doc. No. 24).

The provisions of 28 U.S.C. §2244(d)(1) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") impose

limitations on the right to pursue federal habeas relief. The amendments impose a one-year statute of limitations for §2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Respondents have conceded in their brief that petitioner's habeas petition is timely filed under the statute of limitations of the AEDPA. (Doc. 24, p. 18).

## II.   LEGAL ANALYSIS

### A.   Ground One

In ground one of the habeas petition, the petitioner raises the issue, "[c]ounsels were ineffective for failing to raise State failed to sufficiently establish chain of custody and/or authenticity for drug evidence for cases 246-CR-01 and 247-CR-01." (Doc. 1).  As such, the petitioner claims error by the state court in regard to its failure to establish a proper chain of custody and/or authenticity of evidence in which, fourteen (14) grams of marijuana and forty-three (43) grams of crack cocaine allegedly disappeared. *Id.* Petitioner further claims that the state misidentified the evidence as two (2) grams of "straw packets" of crack cocaine. *Id.*

A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of

a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e

9

Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington, 456 F.3d at 124*; *see Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 887-88 (3d Cir. 1999) (en banc)*. A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; Harrington, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo, 171 F.3d at 888* (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), *overruled in part on other grounds by McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id.* at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it]

resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.* at 889-90; *see* *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

Here, the petitioner presented this issue to the Superior Court:

> The Commonwealth failed to sufficiently establish the chain of custody for the drug evidence in Information 246CR01 and failed to satisfy its burden of proof with respect to that case and Counts 3, 5, and 6 in Information 247CR01.

Although the issue is not framed exactly as it is in petitioner's habeas petition,  the Superior Court analyzed the evidence presented in 246-CR-01 and 247-CR-01 and found that the evidence presented at trial was sufficient to support petitioner's convictions for possession of a controlled substance and delivery of a controlled substance. (Doc. 24, App. §3, pp. 72-75). The Superior Court examined the actions of Agent Jordan after the drug transaction in packaging and sealing the packets and transporting the evidence. *Id.*  The Court further reviewed the testimony of Agent Hollier who received the evidence from the storage locker and placed it in a concrete secured evidence facility and John Schlenker, a forensic scientist with the Pennsylvania State Police. *Id.*  The petitioner claimed that there was a gap in the chain of custody because Agent Byerly and the Regional Director of the

evidence facility did not testify at trial. *Id.* The Court rejected the argument that every person who comes into contact with the evidence has to testify. *Id.*

There is no indication that the petitioner did not receive a full and fair opportunity to litigate his evidentiary claim in the state courts. The record indicates that petitioner had an opportunity to pursue his suppression claim before the trial court, as well as on appeal to the Pennsylvania Superior Court and in his application to the Pennsylvania Supreme Court. After his PCRA was denied by the trial Court, on March 23, 2009, the petitioner filed a petition for allowance of appeal in the Superior Court raising four (4) issues which included this issue. (Doc. 24, App. §8a, pp.9-33). On December 24, 2009, the Superior Court affirmed the decision of the lower court finding that the petitioner had waived all of his issues on appeal because he failed to include the issues in his *nunc pro tunc* 1925(b) statement. (Doc. 24, App. § 9, pp.1-9). On April 8, 2010, the petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court which was denied as untimely, but the Pennsylvania Supreme Court permitted him to file his petition for allowance of appeal *nunc pro tunc.* (Doc. 24, App. § 9, p. 10). Petitioner did not file his petition for allowance of appeal *nunc pro tunc*. Thus, this Court is precluded from considering the merits of petitioner's claim, and, therefore, this claim

should be dismissed.

### B.   Ground Two, Three and Five

The Constitution guarantees criminal defendants the effective assistance of counsel, U.S. CONST. amend. VI, which is measured by "reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish a violation of that right, a petitioner must make two showings. First, he "must show that counsel's performance was deficient." *Id.* Counsel is deficient if, "on the facts of the particular case, viewed as of the time of counsel's conduct," his conduct was unreasonable. *Id.* at 690. There is a strong presumption that counsel is effective. *Id.*; *see id.* at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). Second, he must affirmatively show that the deficient performance "prejudiced the defense." *Id.* at 687, 693. Prejudice means that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694-95. In

assessing prejudice, the court must consider the totality of the evidence that was before the factfinder. *Id.* at 695.

The court notes that the state court relied on state law in deciding petitioner's ineffective assistance of counsel claims. However, Pennsylvania state law is not contrary to *Strickland*. *See Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000) (Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*.). Thus, under §2254(d)(1), the relevant question here is whether the Superior Court's decision involved an unreasonable application of Strickland. *See Richter v. Harrison*, 131 S. Ct. 781, 785 (2011) (The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.).

In ground two, petitioner claims that counsel was ineffective in failing to raise jurisdiction and/or venue in his case, 246-CR-01. (Doc. 1). The petitioner argues that a controlled buy was made on July 10 of four (4) straw packets of cocaine in Lycoming County and another controlled buy was made on July 26 in Union County, and both cases and charges were brought in Union County. *Id.* The petitioner further argues that the incident was not a "single criminal episode" and "Lycoming County did not petition either court for change of venue to Union Co." *Id.*

14

In ground three, the petitioner claims that trial counsel was ineffective for failure to object to the jury instruction on entrapment "focusing on predisposition and that scale remain even" reducing the state burden of proof. (Doc.1).

In ground five, the petitioner claims that trial counsel was ineffective for abandonment during the sentencing where, the "sentencing court imposed illegal/mandatory sentence under Drug Trafficking Statute where prior Lycoming conviction was less than 2 grams, constituting constructive denial of counsel." (Doc.1).

The petitioner asserts in his petition that he raised these three ineffective assistance of counsel claims in his PCRA. However, as discussed above, the trial Court dismissed the PCRA and the Superior Court affirmed the decision of the lower court finding that the petitioner had waived all of his issues on appeal because he failed to include the issues in his *nunc pro tunc* 1925(b) statement. (Doc. 24, App. § 9, pp.1-9). Furthermore, Pennsylvania Supreme Court denied his appeal as untimely, but permitted him to file his petition for allowance of appeal *nunc pro tunc.* (Doc. 24, App. § 9, p. 10). Petitioner did not file his petition for allowance of appeal *nunc pro tunc*. Thus, this Court is precluded from considering the merits of petitioner's ground two,

three and five claims, and, therefore, they should be dismissed.

### C.    Ground Four

In ground four of the petition, the petitioner claims that the trial Court erred in instructing the jury with regard to a question on *mens rea* culpability regarding the charge of criminal use of a communication facility. (Doc. 1).The petitioner raised a vague claim challenging the sufficiency of the evidence in his 1925(b) statement, therefore, the trial court did not address the specific claim now being raised in his habeas petition. (Doc. 24, App. §9, pp. 13-26). The Superior Court addressed the issue and found it waived citing, a "concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." Commonwealth v. Dowling, 778 A.2d 683, 696 (Pa. Super. 2000). (Doc. 24, App. §3, p. 78).

However, the Court further opined that the evidence presented at the trial regarding the telephone calls was sufficient to support the convictions for criminal use of a communication facility. *Id.* The Superior Court examined the evidence of the telephone calls that petitioner had with Agent Jordan involving the sale or delivery of drugs. *Id.*  The Court further reviewed the testimony of Agent Jordan regarding the two telephone calls where the petitioner referred

to getting cocaine for the agent. *Id.* The Court agreed with the trial court that Agent Jordan was contacted by phone for the petitioner to be picked up in order for the transaction to be completed, therefore, the evidence was sufficient for the convictions of criminal use of a communications facility. *Id.* Because the Superior Court fully analyzed the evidence presented in the trial court and found that the evidence was sufficient to support petitioner's convictions even though petitioner may have waived those claims, there is no indication that the petitioner did not receive a full and fair opportunity to litigate his evidentiary claim in the state courts, therefore, this claim should be dismissed.

### D.   Ground Six

The petitioner's ground six claim is that the Commonwealth "failed to disprove entrapment and endangering welfare of child, soliciting Defendant on pre-text of a ride for him and his daughter to engage in drug transaction at 247-CR-01 and constituting outrageous government conduct." (Doc. 1). The petitioner framed this issue in his appeal to the Superior Court as a due process violation. (Doc. 24,  App. § 3, pp.12-13). The Superior Court stated that the trial court dismissed the claim because the petitioner's amended 1925(b) statement alleged thirty-three issues and he failed to raise this

17

specific issue, but he asserted that his rights were violated under Article I, Sections 8, 9, 10 and 28 of the Pennsylvania Constitution and under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. (Doc. 24, App. § 3, p. 83). The Superior Court held that the issue presented in petitioner's original 1925(b) was too vague for meaningful appellate review and therefore, waived by the petitioner. *Id.*

The district court may grant a petition only if the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004). The principle of exhaustion, which is founded on comity, requires a petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . by invoking one complete round of the State's established appellate review process."[3]

---

[3] The court notes that pursuant to Order No. 218 issued by the Pennsylvania Supreme Court, federal habeas petitioners do not have to appeal to the Pennsylvania Supreme Court to satisfy the exhaustion requirement. *Johnson v. Mechling*, 541 F. Supp. 2d 651, 655 n.7 (M.D. Pa. 2008). The Third Circuit has recognized the validity of this order, and therefore a federal petitioner under custody pursuant to the judgment of a Pennsylvania court need only appeal to the Pennsylvania Superior Court to exhaust available state remedies. *Id.*

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Slutzker*, 393 F.3d at 380 (citing *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996)).  The petitioner bears the burden of establishing that all available state remedies have been exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

The exhaustion requirement is excused if it would be futile because "there is an absence of available State corrective process," such as where an appeal or petition for review would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B)(I), (ii); *Slutzker*, 393 F.3d at 380 (citing *Doctor*, 96 F.3d at 681). However, if exhaustion is futile because the petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused. *Coleman*, 501 U.S. at 729-30; *Slutzker*, 393 F.3d at 380-81. Procedural default, like exhaustion, is founded on comity and federalism. A federal court may not entertain a petition for habeas corpus where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 729-30, 750; *Slutzker*, 393 F.3d at 380-81.

Procedural default is excusable only if the petitioner "can demonstrate

cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[4] *Coleman, 501 U.S. at 749-50*; *Slutzker, 393 F.3d at 380-81*. To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." *Murray v. Carrier, 477 U.S. 478, 488 (1986)*. Examples of "cause" include where interference by government officials made compliance impracticable or ineffective assistance of counsel. *Id.* But a claim of ineffective assistance of counsel must generally be presented to the state courts as an *independent* claim before it may be used to establish "cause" for procedural default. *Id.* at 488-89 (citing *Rose v. Lundy, 455 U.S. 509, 518 (1982)*)(emphasis added); *Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000)*. "Actual prejudice" requires a petitioner to establish that an error caused him "actual and substantial disadvantage." *Murray, 477 U.S. at 494* (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

   As stated above, on review, the Superior Court ruled that petitioner's

---

   [4] The miscarriage of justice exception is available only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray, 477 U.S. at 496*. Because the petitioner does not raise "actual innocence" as a ground for relief, this exception does not apply.

claim was waived. Pennsylvania Statute 42 Pa.C.S. §9544(b) provides that an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding. 42 Pa.C.S. §9544(b). Because the Superior Court ruled that petitioner's claim was waived, his claim is considered procedurally defaulted for purposes of federal habeas corpus review. *See Ascienzi v. Erickson*, No. 04-2714, 2007 U.S. Dist. LEXIS 39986, at *27, (M.D. Pa. June 1, 2007) (The claims of ineffectiveness of trial counsel that the Superior Court deemed waived as a result of 42 Pa. C. S. §9544(b) are procedurally defaulted for federal habeas corpus review purposes.).

Moreover, the petitioner has failed to show sufficient cause or prejudice to excuse the procedural default. In fact, the petitioner has not made any arguments whatsoever as to why his procedural default should be excused. As such, the petitioner's claim that his rights were violated under the Pennsylvania and United States Constitutions, because the Commonwealth failed to disprove entrapment and endangering the welfare of child, should not be entertained by this court.

## III.   RECOMMENDATION

For the reasons elaborated above, **IT IS RECOMMENDED THAT** petitioner's petition for writ of habeas corpus, (Doc. No. 1), be **DENIED**.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** March 8, 2012

O:\shared\REPORTS\2010 Reports\10-1124-01.wpd