IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN JOSEPH WINTERS,** : | |
| Petitioner : | |
| : | Civil No. 1:10-cv-01124 |
| v. : | |
| : | (Chief Judge Kane) |
| **LOUIS FOLINO, et al.,** : | |
| Respondents : | |

**MEMORANDUM ORDER**

Presently pending before the Court is the Report and Recommendation of Magistrate Judge Malachy E. Mannion (Doc. No. 49), addressing Petitioner Stephen Joseph Winters's petition under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. No. 1), as well as Petitioner's objections thereto (Doc. No. 51). For the reasons stated more fully herein, the Court will adopt the Report and Recommendation and deny Petitioner's habeas corpus petition.[1]

**I.   BACKGROUND**

In 2001, the District Attorney of Union County, Pennsylvania, brought two sets of criminal charges against Petitioner in the Court of Common Pleas of Union County. (Doc. No. 24-5 at 1-6.) In Case No. 246 CR 01, Petitioner was charged with two counts of possession with intent to deliver a controlled substance in violation of 35 P.S. § 780-113(a)(30). (Id. at 1-2.) In Case No. 247 CR 01, Petitioner was charged with two counts of possession with intent to deliver a controlled substance in violation of 35 P.S. § 780-113(a)(30), one count of delivery of a

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

1

controlled substance in violation of 35 P.S. § 78-113(a)(30), three counts of criminal use of a communication facility in violation of 18 P.S. § 7512(a), and one count of endangering the welfare of children in violation of 18 P.S. § 4304(a). (Id. at 3-6.) On September 27, 2001, the Union County District Attorney notified Petitioner that the cases would be consolidated pursuant to Rule 1127(B)(1) of the Pennsylvania Rules of Criminal Procedure. (Id. at 7.)

A jury found Petitioner guilty on all counts on June 4, 2002. (Doc. No. 24-5 at 46-47.) Petitioner was sentenced on August 21, 2002, and the Union County Court of Common Pleas issued an amended sentence order on September 4, 2002, stating that Petitioner's aggregate sentence was a minimum imprisonment term of 171 months and a maximum term of 498 months. (Doc. No. 24-6 at 1-2, 6.) Petitioner filed a notice of appeal to the Superior Court of Pennsylvania on September 18, 2002. (Id. at 7.) On February 2, 2004, the Superior Court vacated Petitioner's judgment of sentence with respect to the count of possession with intent to deliver a controlled substance brought in Case No. 247 CR 01 but affirmed the judgment in all other respects. (Id. at 84.) Petitioner then filed petitions for allowances of appeal in the Supreme Court of Pennsylvania, which were denied on September 13, 2005. (Doc. No. 24-14 at 2.)

Next, Petitioner filed a motion for relief under the Post Conviction Relief Act in the Union County Court of Common Pleas on July 13, 2006. (Doc. No. 24-14 at 3-71.) On June 19, 2008, the court dismissed the motion. (Doc. No. 24-9 at 3.) Petitioner filed a notice of appeal to the Superior Court on July 1, 2008, which the Superior Court denied without prejudice to Petitioner filing a statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure nunc pro tunc. (Doc. No. 24-9 at 4-6, 12.) On December 4, 2008, Petitioner filed the Rule 1925(b) statement. (Doc. No. 24-9 at 13-26.) On

December 24, 2009, the Superior Court affirmed the Union County Court of Common Pleas's order denying Petitioner's motion for post-conviction relief, finding that Petitioner had waived all his issues on appeal because he failed to include any of them in his statement of matters complained of on appeal pursuant to Rule 1925(b). (Doc. No. 24-13 at 1-9.) The Supreme Court of Pennsylvania received Petitioner's petition for allowance of appeal on April 8, 2010. (Doc. No. 24-13 at 10.) The following day, the Supreme Court issued a notice of untimely filing, informing Petitioner that his petition was not timely filed. (Id.) In its notice, the Supreme Court informed Petitioner that he could file a petition for leave to file a petition for allowance of appeal nunc pro tunc. (Id.) Petitioner did not file such a petition.

## II.    DISCUSSION

On May 25, 2010, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus in this Court. (Doc. No. 1.) The petition contains six grounds for relief. First, Petitioner claims that his attorneys rendered ineffective assistance because they failed to sufficiently argue that the chain of custody of certain drug evidence was broken. (Id. at 5.) Second, Petitioner argues that his attorenys were ineffective for failing to raise jurisdiction and venue issues. (Id. at 7.) Third, Petitioner contends that his trial counsel was ineffective for failing to object to a jury instruction on the defense of entrapment. (Id. at 9.) Fourth, Petitioner asserts that the trial court failed to accurately explain the elements of the crime of criminal use of a communication facility to the jury. (Id. at 10.) Fifth, Petitioner claims that his attorney at his sentencing hearing was ineffective for failing to raise an objection. (Id. at 13.) Finally, Petitioner contends that the Commonwealth failed to disprove the defense of entrapment at trial. (Id. at 12.)

In his report, Magistrate Judge Mannion recommends that the claims raised in

Petitioner's habeas corpus petition be dismissed because they are procedurally defaulted, as the Superior Court of Pennsylvania determined that Petitioner waived all of his issues on appeal by failing to include any of them in his statement of matters complained of on appeal pursuant to Rule 1925(b).[2]  Further, Magistrate Judge Mannion found that Petitioner failed to show sufficient cause or prejudice to excuse the procedural default.  Finally, Magistrate Judge Mannion determined that Petitioner's claim that the trial court failed to accurately explain the elements of the crime of criminal use of a communication facility fails on the merits.

Upon a de novo review of the extensive evidence of record in this matter, the Court finds that the conclusions reached by Magistrate Judge Mannion in his Report and Recommendation are correct and the objections filed by Petitioner are without merit.  Few of Petitioner's voluminous objections actually relate to the dispositive portions of Magistrate Judge Mannion's Report and Recommendation.  Such attempts to raise new and unrelated matters at this stage of review are not proper, as the Court is limited to reviewing Magistrate Judge Mannion's proposed findings and recommendations.  See Murr v. United States, 200 F.3d 895, 902 n.1 (collecting cases and noting that "absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").  Further, none of Petitioner's objections to Magistrate Judge Mannion's legal conclusions have merit.  Petitioner fails to present any arguments or evidence indicating that Magistrate Judge Mannion's findings with respect to the grounds raised in his habeas corpus petition are not legally sound.  The Court, therefore, must deny his habeas corpus petition.

---

[2] Further, Magistrate Judge Mannion noted that the Supreme Court of Pennsylvania provided Petitioner with the opportunity to challenge the Superior Court's decision by filing a petition for allowance of appeal nunc pro tunc.  Petitioner did not file such a petition.

**ACCORDINGLY**, on this 10th day of July 2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mannion's Report and Recommendation (Doc. No. 49) is **ADOPTED**, and Petitioner's petition under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. No. 1) is **DENIED**. The Clerk of Court shall close the file.

<u>S/ Yvette Kane</u>
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania